An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-837

Filed 1 July 2026

Haywood County, Nos. 22CR000303-430

STATE OF NORTH CAROLINA

       v.

AUSTIN CAMERON CLONTS, Defendant.

Appeal by Defendant from judgment entered 14 November 2023 by Judge Gary M. Gavenus in Haywood County Superior Court. Heard in the Court of Appeals 27 August 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Derek L. Hunter, for the State.*
>
> *Gilda C. Rodriguez for Defendant-Appellant.*

CARPENTER, Judge.

Austin Cameron Clonts ("Defendant") appeals from judgment entered after a jury found him guilty of involuntary manslaughter. On appeal, Defendant argues: (1) the trial court erred by denying Defendant's motion to dismiss; (2) the trial court abused its discretion by denying Defendant's request for an instruction on the defense of accident; and (3) Defendant received ineffective assistance of counsel ("IAC"). After

careful review, we discern no prejudicial error.

## I. Factual & Procedural Background

On 11 July 2022, a Haywood County grand jury indicted Defendant on one count of involuntary manslaughter and one count of attaining habitual felon status. On 10 July 2023, a grand jury returned a superseding indictment on one count of attaining habitual felon status. On 6 November 2023, Defendant's case proceeded to trial, and the evidence tended to show the following.

In early 2020, Defendant began dating a woman named Ashley, who was pregnant with her second son. A few months after Defendant and Ashley began dating, Defendant started using methamphetamine almost daily. In August 2020, Ashley gave birth to the infant. By November 2020, Defendant, Ashley, and her two sons were living with Ashley's grandfather in his three-bedroom home. Defendant helped Ashley care for the children by feeding them and changing their diapers.

On 14 November 2020, Defendant injected himself with methamphetamine between 8:15 and 9:15 p.m. inside the home near the washing machine. At approximately 9:00 p.m., Ashley went out to dinner with a friend while Defendant stayed home with the children. At around 11:00 p.m., Ashley returned home to check on the children, who were sleeping, and left again with her friend. At 2:30 a.m., Defendant bottle-fed the infant and went to the outbuilding to listen to music.

Later, Ashley's grandfather woke up and entered the hallway, where he smelled smoke. The grandfather walked into the infant's room and discovered fire

burning inside. He attempted to remove the infant from the crib, which was surrounded by fire, but was unsuccessful. Ashley's grandfather then "hollered" for Defendant. Seconds later, Defendant arrived and retrieved the older son from his room. Defendant returned, attempting to rescue the infant with a fire extinguisher, but the flames had already started coming down the hallway. Defendant made a second attempt to rescue the infant with a water hose but was unsuccessful. The infant died. The autopsy showed that the cause of death was drug toxicity due to methamphetamine, which was present at higher levels than are generally seen with environmental exposure, and the infant had not ingested soot before his death.

At the close of the State's evidence, Defendant made a motion to dismiss, which the trial court denied. Defendant did not present evidence and renewed his motion to dismiss, which the trial court also denied. At the charge conference, Defendant requested an instruction on the defense of accident. The State noted that Defendant had not provided notice of his intent to raise this defense within the appropriate deadline, to which defense counsel responded, "[N]o argument there. He's right." Thereafter, the trial court declined to give the instruction.

The jury found Defendant guilty of involuntary manslaughter, and the trial court sentenced Defendant to a minimum of 159 months and a maximum of 203 months of imprisonment. Defendant gave oral notice of appeal in open court.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-

1444(a) (2025).

## III. Issues

The issues are whether: (1) the trial court erred by denying Defendant's motion to dismiss; (2) the trial court abused its discretion by denying Defendant's request for an instruction on the defense of accident; and (3) Defendant received IAC.

## IV. Analysis

### A. Motion to Dismiss

First, Defendant argues the trial court erred by denying his motion to dismiss because the evidence was insufficient to establish involuntary manslaughter based on culpable negligence. We disagree.

We review "the trial court's denial on a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "Under a de novo review, this Court 'considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Miller*, 292 N.C. App. 519, 521, 898 S.E.2d 792, 795 (2024) (quoting *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008)).

We must determine whether there was substantial evidence as to each element of the offense charged and whether the defendant was the perpetrator. *State v. Martin*, 292 N.C. App. 505, 510, 898 S.E.2d 371, 376 (2024). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 510, 898 S.E.2d at 376 (internal quotation marks and citation

omitted). In making this determination, we must "consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *Id.* at 510, 898 S.E.2d at 376 (internal quotation marks and citation omitted).

"The elements of involuntary manslaughter are: '(1) an unintentional killing; (2) proximately caused by either (a) an unlawful act not amounting to a felony and not ordinarily dangerous to human life, or (b) culpable negligence.' " *State v. McGee*, 234 N.C. App. 285, 289, 758 S.E.2d 661, 664–65 (2014) (quoting *State v. Davis*, 198 N.C. App. 443, 446, 680 S.E.2d 239, 242 (2009)). "Culpable or criminal negligence has been defined as 'such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others.' " *State v. Jones*, 353 N.C. 159, 165, 538 S.E.2d 917, 923 (2000) (quoting *State v. Weston,* 273 N.C. 275, 280, 159 S.E.2d 883, 886 (1968)).

Here, substantial evidence supported the charge of involuntary manslaughter. *See Martin*, 292 N.C. App. at 510, 898 S.E.2d at 376; *McGee*, 234 N.C. App. at 289, 758 S.E.2d at 664–65. Viewing the evidence in the light most favorable to the State, *see Martin*, 292 N.C. App. at 510, 898 S.E.2d at 376, Defendant recklessly injected himself with methamphetamine and then bottle-fed the infant, demonstrating "a thoughtless disregard" for the consequences and "a heedless indifference" for the

infant's safety and proximately causing the infant's death, *see Jones*, 353 N.C. at 165, 538 S.E.2d at 923. Thus, the trial court did not err in denying Defendant's motion to dismiss. *See Martin*, 292 N.C. App. at 510, 898 S.E.2d at 376.

## B. Accident Instruction

Next, Defendant asserts that the trial court abused its discretion by denying his request for an instruction on the defense of accident without making specific findings justifying the sanction. We discern no prejudicial error.

"A trial court's decision concerning the imposition of discovery-related sanctions under section 15A-910 may only be reversed based upon a finding that the trial court abused its discretion." *State v. Allen*, 222 N.C. App. 707, 733, 731 S.E.2d 510, 528 (2012) (cleaned up). Similarly, "choice of instructions is a matter within the trial court's discretion and will not be overturned absent a showing of abuse of discretion." *State v. Nicholson*, 355 N.C. 1, 66, 558 S.E.2d 109, 152 (2002) (citation omitted). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988) (citing *State v. Parker,* 315 N.C. 249, 337 S.E.2d 497 (1985)).

" 'This Court reviews jury instructions contextually and in its entirety.' " *State v. Boykin*, 275 N.C. App. 187, 196, 853 S.E.2d 781, 787 (2020) (quoting *State v. McGee*, 234 N.C. App. 285, 287, 758 S.E.2d 661, 663 (2014)). " 'The charge will be held sufficient if it presents the law of the case in such manner as to leave no reasonable

cause to believe the jury was misled or misinformed.' " *Id.* at 196, 853 S.E.2d at 787 (quoting *McGee*, 234 N.C. App. at 287, 758 S.E.2d at 663). Thus, " 'it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.' " *Id.* at 196, 853 S.E.2d at 787 (quoting *McGee,* 234 N.C. App. at 287, 758 S.E.2d at 663).

"[I]t is the duty of the trial court to instruct the jury on all of the substantive features of a case . . . notwithstanding the absence of a request by one of the parties for a particular instruction." *State v. Loftin*, 322 N.C. 375, 381, 368 S.E.2d 613, 617 (1988) (internal citations omitted). "[T]rial courts are not required to use the exact language of a requested instruction; but if the request is a correct statement of the law, and supported by the evidence, the court must give the instruction in substance." *State v. Moore*, 335 N.C. 567, 606, 440 S.E.2d 797, 819 (1994) (citing *State v. Monk,* 291 N.C. 37, 54, 229 S.E.2d 163, 174 (1976)). A trial court's erroneous failure to give a requested instruction "is prejudicial and requires a new trial only if there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial . . . ." *State v. Castaneda*, 196 N.C. App. 109, 116, 674 S.E.2d 707, 712 (2009) (internal quotation marks and citation omitted).

" 'The defense of accident is triggered in factual situations where a defendant, without premeditation, intent, or culpable negligence, commits acts which bring about the death of another.' " *State v. Crisp*, 281 N.C. App. 127, 130, 867 S.E.2d 399,

402 (2021) (quoting *State v. Riddick*, 340 N.C. 338, 342, 457 S.E.2d 728, 731 (1995)); *see Jones*, 353 N.C. at 165, 538 S.E.2d at 923 (defining culpable negligence and criminal negligence as the same). Similarly, " '[w]here the defendant was not engaged in lawful conduct when the killing occurred, the evidence does not raise the defense of accident.' " *State v. Moss*, 139 N.C. App. 106, 113, 532 S.E.2d 588, 593 (2000) (quoting *State v. Riddick*, 340 N.C. 338, 342, 457 S.E.2d 728, 731 (1995)).

Where "disclosure is voluntarily made by the State . . . the court must, upon motion of the State, order the defendant to give notice to the State of the intent to offer at trial a defense of accident." N.C. Gen. Stat. § 15A-905(c)(1) (2025) (cleaned up). "Notice of defense must be given within 20 working days after the date the case is set for trial . . ." unless otherwise specified by the court. *Id.* Before imposing discovery-related sanctions, the trial court must "consider both the materiality of the subject matter and the totality of the circumstances surrounding an alleged failure to comply . . ." with discovery requirements, *id.* § 15A-910(b), such as the severity of the sanction, *see State v. Foster*, 235 N.C. App. 365, 383, 761 S.E.2d 208, 220 (2014). Further, when imposing a sanction by entering "appropriate orders[,]" N.C. Gen. Stat. § 15A-910(a)(4), "it must make specific findings justifying the imposed sanction," *id.* § 15A-910(d).

Here, because Defendant did not provide pretrial notice on the defense of accident, *see id.* § 15A-905(c)(1), the trial court possessed the authority to deny Defendant's request, *see id.* § 15A-910(a)(4). Despite this authority, the trial court

still needed to consider the totality of the circumstances and make specific findings. *See id.* § 15A-910(b), (d). Absent additional findings, the trial court erred by declining to instruct on accident as a discovery sanction. *See id.* § 15A-910(d); *Loftin*, 322 N.C. at 381, 368 S.E.2d at 617.

Nevertheless, after reviewing the instructions in their entirety, the record reveals no reasonable basis to believe the jury was misinformed. *See Boykin*, 275 N.C. App. at 196, 853 S.E.2d at 787. Assuming *arguendo* that declining to instruct on accident was an unduly severe sanction *and* that the instruction was supported by the evidence, the trial court's instruction on the substantive offense excised any prejudicial error from the record. *See Castaneda*, 196 N.C. App. at 116, 674 S.E.2d at 712.

Indeed, by fully instructing the jury on the requirements of involuntary manslaughter, including that they must find beyond a reasonable doubt that Defendant acted with criminal negligence—a term that shares a definition with culpable negligence—the trial court ensured the jury was not misled. *See Jones*, 353 N.C. at 165, 538 S.E.2d at 923; *Boykin*, 275 N.C. App. at 196, 853 S.E.2d at 787. Moreover, the trial court permitted defense counsel to thoroughly argue the facts relevant to culpable negligence during closing arguments. By returning a guilty verdict after a complete presentation of the facts and proper instruction on applicable law, the jury necessarily considered and rejected the idea that Defendant acted without culpable negligence. *See McGee*, 234 N.C. App. at 289, 758 S.E.2d at 664–65;

*Jones*, 353 N.C. at 165, 538 S.E.2d at 923. As Defendant cannot show a reasonable probability of a different result under these facts, any error involving the trial court's failure to instruct on accident was not prejudicial. *See Castaneda*, 196 N.C. App. at 116, 674 S.E.2d at 712.

**C. IAC**

Finally, Defendant asserts his defense counsel was ineffective for failing to properly notify the State of his intention to assert the defense of accident. We disagree.

Because we conclude Defendant was not prejudiced by the trial court's failure to instruct on accident, Defendant was likewise not prejudiced by defense counsel's failure to notify the State during pretrial discovery. *See State v. Lynn*, 290 N.C. App. 532, 537, 892 S.E.2d 883, 887 (2023) (To establish IAC, "the defendant must show he was prejudiced by counsel's error, and there was a reasonable probability of a different result but for counsel's error."); *see also* N.C. Gen. Stat. § 15A-905(c)(1). Accordingly, we deny Defendant's IAC claim.

## V. Conclusion

In sum, we conclude the trial court did not err by denying Defendant's motion to dismiss, and Defendant was not prejudiced by any error involving his requested instruction on accident.

NO PREJUDICIAL ERROR.

Judges GRIFFIN and MURRY concur.

Report per Rule 30(e).